IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
JANE DOE, a minor child, by      )
and through her parent and       )
next friend, KIMBERLA GARRETT,   )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   No. 10-2483
                                 )
PRO-TECH SECURITY, INC.,         )
MUVICO ENTERTAINMENT, L.L.C.,    )
MUVICO THEATERS, INC., and       )
ANTHONY WOOTEN,                  )
                                 )
    Defendants.                  )
```

**ORDER GRANTING PLAINTIFF JANE DOE'S MOTION TO AMEND AND DENYING DEFENDANTS MUVICO ENTERTAINMENT, L.L.C., AND MUVICO THEATERS, INC.'S MOTION TO DISMISS**

Before the Court is the August 20, 2010 Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") filed by Defendants Muvico Entertainment, L.L.C., and Muvico Theaters, Inc. ("Muvico"). (See Muvico Theaters, Inc. and Muvico Entertainment, LLC's Mot. to Dismiss for Failure to State a Claim, ECF No. 29.) Before the Court is also the December 1, 2010 Motion for Leave to File Amended Complaint filed by Plaintiff Jane Doe, a minor child, by and through her parent and next friend, Kimberla Garrett ("Doe"). (See Mot. for Leave to File Am. Compl., ECF No. 43.) Muvico responded in opposition to Doe's Motion for Leave to File Amended Complaint on January 13,

2011.  (See Muvico Theaters, Inc. and Muvico Entertainment, LLC's Resp. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl., ECF No. 46 ("Muvico Resp.").)  Defendant Pro-Tech Security, Inc. ("Pro-Tech") responded in opposition to Doe's Motion for Leave to File Amended Complaint on January 14, 2011.  (See Def. Pro-Tech's Resp. Opposing Mot. to Amend, ECF No. 47 ("Pro-Tech Resp.").)  Defendant Anthony Wooten ("Wooten") did not respond and has not yet answered Doe's Complaint.  (See Mins., ECF No. 36.)  Doe replied on January 28, 2011.  (See Pl.'s Reply Br. in Supp. of Mot. for Leave to File Am. Compl., ECF No. 51 ("Pl.'s Reply").)

Doe correctly argues in her reply that Muvico, Pro-Tech, and Wooten (collectively, "Defendants") have not complied with Local Rule 7.2(a)(2).  (See id. at 2-3.)  Under Local Rule 7.2(a)(2), a response to a motion, unless the motion is pursuant to Federal Rule of Civil Procedure 12(b) or 56, "shall be filed within fourteen days after service of the motion . . . ."  W.D. Tenn. Civ. R. 7.2(a)(2).  "Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Id.

Doe filed her Motion for Leave to File Amended Complaint on December 1, 2010, but Muvico did not respond until January 13, 2011, Pro-Tech did not respond until January 14, 2011, and

2

Wooten did not respond at all. (See Mot. for Leave to File Am. Compl. 3.; Muvico Resp. 21; Pro-Tech Resp. 4.) Because Doe's motion was pursuant to Federal Rule of Civil Procedure 15, Local Rule 7.2(a)(2) required Defendants to respond within fourteen days. See W.D. Tenn. Civ. R. 7.2(a)(2). Defendants did not do so. (See Muvico Resp. 21; Pro-Tech Resp. 4.) They have offered no explanation for the delay in their responses. Because the deadline to amend pleadings was January 15, 2011, and Defendants did not respond until one day and two days before that deadline, they essentially deprived Doe of the opportunity to attempt to amend her pleadings if the Court were to deny her Motion for Leave to File Amended Complaint. (See Scheduling Order 1, ECF No. 52.)

Under Local Rule 7.2(a)(2), the Court regards Defendants' failure to respond timely as grounds for granting Doe's Motion for Leave to File Amended Complaint. See W.D. Tenn. Civ. R. 7.2(a)(2); Overton v. Univ. of Tenn., No. 2:08-CV-02796-BBD dkv, 2010 WL 1417957, at *2-3 (W.D. Tenn. Mar. 18, 2010), adopted, 2010 WL 1417952 (W.D. Tenn. Apr. 6, 2010); McNabb v. City of Memphis, No. 03-2334 ML/P, 2004 WL 2384958, at *3 (W.D. Tenn. Mar. 8, 2004). Therefore, Doe's Motion for Leave to File Amended Complaint is GRANTED. The First Amended Complaint attached to Doe's Motion for Leave to File Amended Complaint is now the only complaint before the Court.

An amended complaint supersedes a prior complaint, making the prior complaint a nullity. See B&H Med., L.L.C. v. ABP Admin., Inc., 526 F.3d 257, 268 n.8 (6th Cir. 2008) (citations omitted); Drake v. City of Detroit, 266 F. App'x 444, 448 (6th Cir. 2008) (citation omitted); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (citations omitted); United States v. Goff, 187 F. App'x 486, 491 (6th Cir. 2006) (citation omitted); In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citation omitted). Because the Amended Complaint is now the only complaint before the Court, the original complaint filed by Doe is a nullity. Therefore, Muvico's Motion to Dismiss the original complaint is DENIED AS MOOT. See Polk v. Psychiatric Prof'l Servs., No. 09-cv-799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010), adopted, 2010 WL 1907586 (S.D. Ohio May 12, 2010); Ware v. C.R. Bard, Inc., No. 1:07-cv-172, 2007 WL 2463286, at *2 (E.D. Tenn. Aug. 28, 2007).

So ordered this 28th day of February, 2011.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE